UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
COMMODITY FUTURES TRADING
COMMISSION,

                        Plaintiff,                        19-cv-8351 (PKC)

       -against-                                  DEFAULT JUDGMENT

DOMINICK VINCENT CARDUCCI and VOS
CAPITAL MANAGEMENT, LLC,

                        Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

         The Commodity Futures Trading Commission ("CFTC") filed the Complaint in this action on September 9, 2019. (Docket # 3.) The CFTC filed affidavits of service stating that the summons and complaint were personally served on defendant Dominick Carducci on October 5, 2019, and that Vos Capital Management, LLC ("Vos") was served through an agent on September 13, 2019. (Docket # 10, 11.) Defendants have not appeared in this case, and on November 5, 2019, the Clerk of Court issued Certificates of Default as to both defendants. (Docket # 30, 31.) The CFTC represents that on June 19, 2020, Carducci was sentenced in the District of South Carolina to 24 months' imprisonment and restitution totaling more than $900,000 in connection with the same scheme that is the subject of this case. United States v. Carducci, 19 Cr. 469 (BHH) (D.S.C.) (Docket # 55).

         The CFTC moved for entry of default judgment on January 23, 2020. (Docket # 34.) Because defendants have not answered or appeared, the motion for entry of default judgment is granted.

"It is an 'ancient common law axiom' that a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (quoting Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004)).  The allegations of the Complaint are therefore deemed to have been admitted by the defendants.  Because the default amounts to an admission of the Complaint's allegations, the Court need not engaged in the fact-finding exercise proposed by the CFTC.

As a consequence of defendants' default, the following relief is ordered:

I.  Permanent Injunctive Relief.

1. Pursuant to Section 6c of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 13a-1 (2018), Carducci is permanently restrained, enjoined and prohibited from directly or indirectly engaging in conduct in violation of Sections 4b(a)(2)(A)-(C), 4o(1), 2(c)(2)(C)(iii)(I)(cc), and 4k(2) of the Act and Regulations 5.2(b) and 5.3(a)(2)(ii).

2. Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2018), VOS Capital is permanently restrained, enjoined and prohibited from directly or indirectly engaging in conduct in violation of Sections 4b(a)(2)(A)-(C), 4o(1), 2(c)(2)(C)(iii)(I)(cc), and 4m(1) of the Act and Regulations 5.2(b) and 5.3(a)(2)(i).

3. Defendants are permanently restrained, enjoined and prohibited from, directly or indirectly:

   a. Trading on or subject to the rules of any registered entity (as that term is defined by Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2018));

   b. Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2019)), for

     accounts held in the name of any Defendant or for accounts in which any Defendant has a direct or indirect interest;

  c. Having any commodity interests traded on any Defendant's behalf;

  d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

  e. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling of any commodity interests;

  f. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2019); and

  g. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2019)), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9).

## II. Restitution and Civil Monetary Penalties.

### A. Restitution.

1. Pursuant to Section 6c(d)(3)(A) of the Act, 7 U.S.C. § 13a-1(d)(3)(A) (2018), Carducci and VOS Capital shall pay, jointly and severally, restitution in the amount of $953,875 (the "Restitution Obligation").  If the Restitution Obligation is not paid immediately, post-

judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Order and Default Judgment (this "Order") and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

2. To effect payment of the Restitution Obligation and the distribution of any restitution payments to Defendants' customers, the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall collect restitution payments from Defendants and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

3. Defendants shall make Restitution Obligation payments, and any post-judgment interest payments, under this Order to the Monitor in the name "Dominick Vincent Carducci and VOS Capital Management, LLC – Restitution Fund" and shall send such Restitution Obligation payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under cover letter that identifies the paying Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

4. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendants' Pool Participants identified by the Commission or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a de minimis nature such that the Monitor determines that the administrative cost of making

a distribution to eligible pool participants is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments set forth in Section II.B below.

5.  Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendants' Pool Participants to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments.  Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

6.  The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' Pool Participants during the previous year.  The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and David W. MacGregor, Chief Trial Attorney, Commodity Futures Trading Commission, 140 Broadway, 19th Floor, New York, NY 10005.

7.  The amounts payable to each Pool Participant shall not limit the ability of any participant from proving that a greater amount is owed from Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any customer that exist under state or common law.

8.      Pursuant to FRCP 71, each Pool Participant who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution that has not been paid by Defendants to ensure continued compliance with any provision of this Order and to hold Defendants in contempt for any violations of any provision of this Order.

9.      To the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendants' Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

10.     Defendants will obtain a dollar-for-dollar credit against this Restitution Obligation as a result of any restitution payments made by Carducci in connection with the case captioned United States v. Carducci, 19 Cr. 469 (BHH) (D.S.C.).

B.      Civil Monetary Penalty.

11.     Pursuant to Section 6c(d)(1)(A) of the CEA, 7 U.S.C. § 13a-1(d)(1)(A) (2018), Defendants shall, jointly and severally, pay a civil monetary penalty in the amount of $2,861,625 (the "CMP Obligation"), which is equivalent to triple the monetary gain to Defendants from their violations—i.e., three times the gross amount of Pool Participant funds obtained by Defendants less the amount of funds returned to Pool Participants. If the CMP Obligation is not paid immediately, then post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

12.     Defendants shall pay their CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to

be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission Division of Enforcement
> 6500 S. MacArthur Blvd.
> HQ Room 181
> Oklahoma City, OK 73169
> (405) 954-6569 office
> (405) 954-1620 fax
> 9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, Defendants shall contact Marie Thorne or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies the paying Defendant and the name and docket number of this proceeding.

Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and David W. MacGregor, Chief Trial Attorney, Commodity Futures Trading Commission, 140 Broadway, 19th Floor, New York, NY 10005.

   III. <u>Miscellaneous Provisions.</u>

   1. Acceptance by the Commission or the Monitor of any partial payment of Defendants' Restitution Obligation or CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

   2. The injunctive and equitable relief provisions of this Order shall be binding upon Defendants, upon any person under the authority or control of any Defendant, and upon any

person who receives actual notice of this Order, by personal service, email, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendants.

3. All notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

Manal M. Sultan
Deputy Director Division of Enforcement
Commodity Futures Trading Commission
140 Broadway, 19th Floor
New York, NY 10005

Notice to Monitor:

Daniel Driscoll
Executive Vice President, COO
National Futures Association
300 South Riverside Plaza, Suite 1800
Chicago, Illinois 60606-3447

All such notices to the Commission or the Monitor shall reference the name and docket number of this action.

4. Until such time as Defendants satisfy in full their Restitution Obligation and CMP Obligation as set forth in this Order, Defendants shall provide written notice to the Commission by certified mail of any change to their telephone number and mailing address within ten calendar days of the change.

5. If any provision of this Order or if the application of any provision or circumstance is held invalid, then the remainder of this Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

IV. <u>Continuing Jurisdiction.</u>

This Court shall retain jurisdiction of this action to ensure compliance with this Order and

for all other purposes related to this action, including any motion by Defendants to modify, or for relief from, the terms of this Order.

      SO ORDERED.

_____<br>
P. Kevin Castel<br>
United States District Judge

Dated: New York, New York
       June 23, 2020